IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICHARD SEALS, #87408                                          PLAINTIFF

versus                              Civil action no. 4:06cv33TSL-LRA

KIM REECE                                                      DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court, <u>sua</u> <u>sponte</u>, for
consideration of dismissal.  Plaintiff Seals, an inmate of the
Mississippi Department of Corrections (MDOC), currently
incarcerated in the Holmes-Humphreys Regional Correctional
Facility, Lexington, Mississippi, filed this complaint pursuant
to 42 U.S.C. § 1983.  The named defendant is Kim Reece, Major at
the Lauderdale County Detention Center, Meridian, Mississippi.
The plaintiff is seeking monetary damages and injunctive relief.

The incident plaintiff complains of occurred on August 18,
2005, when he was incarcerated in the Lauderdale County Detention
Center.[1]  The plaintiff complains that he was directed to hand-
write copies of his "legal work." <u>Compl</u>., p.4.  The plaintiff

---

[1]The plaintiff states that he is currently incarcerated
based on a 5 year sentence for a 2004 felony shoplifting
conviction, a 3 year sentence for a 1998 receiving stolen
property conviction and a 20 year sentence for a 1998 burglary of
a dwelling conviction.  The plaintiff states that he was in the
Lauderdale County Detention Center on August 18, 2005, as a
convicted felon and as a pretrial detainee based on charges of
grand larceny, automobile burglary and felony uttering. <u>Resp.</u>
[13], p.1; <u>Resp.</u> [16], p.1.

claims that in order for him to receive proper legal assistance, this legal work should have been copied for him.  The plaintiff is requesting that this court order Lauderdale County Detention Center to "correct this problem", and order Kim Reece to pay his court costs and damages in the amount of $3,500.00.  <u>Compl</u>., p.4.

**<u>ANALYSIS</u>**

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and <u>Macias v. Raul A.</u>, 23 F.3d 94, 97 (5th Cir. 1994).  "A district court may dismiss an <u>in forma pauperis</u> proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
       (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief
     may be granted; or
      iii) seeks monetary relief against a
    defendant who is immune from such relief.

no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991).  See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir. 1992), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id.  Since the plaintiff was granted in forma pauperis status, section 1915 applies to this case.

The first inquiry in any civil rights action is whether the complainant has been deprived of a federally protected right. Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692, 61 L. Ed. 2d 433 (1979).  Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel.  Bounds v. Smith, 430 U.S. 817, 828 (1977); Pembroke v. Wood County, 981 F.2d 225, 229

(5th Cir. 1993).  However, "restrictions on direct access to
legal materials may be warranted when prison security is
involved."  Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).
"While the precise contours of a prisoner's right of access to
the courts remain somewhat obscure, the Supreme Court has not
extended this right to encompass more than the ability of an
inmate to prepare and transmit a necessary legal document to a
court."  Id. (quoting Brewer v. Wilkinson, 3 F.3d 816, 821 (5th
Cir. 1993)).  Most importantly, in order for a prisoner to state
a claim that his constitutional right of access to the courts has
been violated, he must demonstrate that his position as a
litigant was actually prejudiced.  Eason v. Thaler, 73 F.3d 1322,
1328 (5th Cir. 1996)(citing Walker v Navarro County Jail, 4 F.3d
410, 413 (5th Cir. 1993)("[T]o make out a claim that his
constitutional right of access to the courts has been violated,
[the plaintiff] must have demonstrated that his position as a
litigant was prejudiced by his denial of access to the courts.").

     In an effort to allow the plaintiff to fully develop his
claims, the court ordered additional information from the
plaintiff on no less than three separate occasions.  See Order
[10] filed May 12, 2006;  Order [14] filed September 6, 2006;
Order [17] filed September 27, 2006;  and Order to Show Cause
[18], filed November 8, 2006.  Specifically, the plaintiff was
ordered to state how he was prejudiced as a litigant by the

defendant's actions and the plaintiff was directed to provide the civil action number and court where he filed the legal pleadings that he alleges were not copied for him.  In addition, the plaintiff was directed to provide the court with the status of this litigation.

Upon review of the plaintiff's complaint [1] and three subsequent responses [13, 16, 19], at best, the plaintiff is claiming that defendant Reece failed to either provide him with a 42 U.S.C. § 1983 complaint form or copy a 42 U.S.C. § 1983 complaint form that he wished to file.  The plaintiff claims that he was unable to hand write his legal copies because the Lauderdale County Detention Center did not sell "the proper items needed to do any legal corresponding, like pens."  Resp. [16], p.1.  The plaintiff asserts that as a result of the defendant's actions he had to wait until he was moved to the South Mississippi Correctional Institute to file this lawsuit.

Upon further inquiry, the only civil action plaintiff claims he wanted to file, attempted to file or actually filed, is *this* § 1983 case.  The plaintiff filed this cause of action on March 16, 2006, solely against defendant Reece, asserting a single claim of denial of access to the courts.  Since this cause of action did not arise until defendant Reece's alleged actions occurred, any possible delay in filing this lawsuit could not be attributable to defendant Reece's alleged actions.  Moreover, the

5

plaintiff has not suffered any prejudice as a litigant in this case.[3]

After numerous opportunities, the plaintiff has not alleged that he wanted to file any other lawsuit in any court. Nevertheless, in an attempt to thoroughly review the plaintiff's claims, a search of this court's docket was performed.  The court was unable to find any other lawsuit filed by the plaintiff since March of 2006.[4]  The plaintiff has had ample time and opportunity to pursue additional actions in this court since he was removed from the Lauderdale County Detention Center.

The plaintiff does not identify any lawsuit that was dismissed, or any deadline that was missed, or an unfavorable ruling that is attributable to defendant Reece's alleged actions. The plaintiff has failed to demonstrate that his position as a litigant has been prejudiced.  As such, the plaintiff has failed to state a claim of denial of access to the courts against defendant Reece.

_____

[3]In addition, this court provides prisoners with 42 U.S.C. § 1983 forms, free of charge, and this court routinely accepts prisoner complaints lacking any copies or containing only hand written copies.

[4]A search of the Pacer U.S. Party/Case Index for the federal courts produced identical results.  Likewise, a search of the online dockets of the Mississippi Supreme Court and the Mississippi Court of Appeals failed to produce a case filed by the plaintiff.

**CONCLUSION**

Having considered plaintiff's pleadings and the relevant law, the court finds that plaintiff has failed to state a claim of violation of a constitutional right and this case should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[5]  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.[6]

A final judgment in accordance with this memorandum opinion and order will be entered.

Signed, this the    1st     day of February, 2007.


                                    /s/Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE

_____

[5]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[6]The plaintiff is advised that the dismissal of this civil action is the second "strike" against the plaintiff that this court is aware of; see Seals v. Spurlin, civil action number 2:95cv249, which was dismissed as frivolous.

7